# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7576 | **DATE** | 12/2/2002 |
| **CASE TITLE** | Weinberg vs. Minnesota Mutual Life Ins Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Plaintiff's motion (Doc 22-1) for the court to declare whether an in-house consultant of defendant is an expert entitled to a reasonable fee for his deposition testimony is granted. We find that, pursuant to Federal Rule of Civil Procedure 26(b)(4)(C), Dr. Gary Athelstan is entitled to a reasonable expert fee for the June 18, 2002 deposition.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | DEC 03 2002 | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 02 DEC -2 PM 2:46 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEE WEINBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 01 C 7576 |
| | ) | |
| MINNESOTA MUTUAL LIFE INSURANCE | ) | |
| COMPANY, a professional corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

DOCKETED
DEC - 3 2002

CHARLES P. KOCORAS, Chief District Judge:

This case is before the court on Plaintiff Lee Weinberg's ("Weinberg") motion for the court to declare whether an in-house consultant of Defendant Minnesota Mutual Life Insurance Company ("MMLI") is an expert entitled to a reasonable fee for his deposition testimony. For the reasons stated below we find that Dr. Gary Athelstan is entitled to an expert fee.

**BACKGROUND**

MMLI hired Dr. Gary Athelstan ("Athelstan") as a claims process consultant long before this lawsuit was filed. Athelstan used his training as a psychologist to review claims 2-3 days a week for MMLI. Athelstan reviewed Weinberg's claim in 1998 and his opinions were included on the same page as the claims adjusters' notes

in the claims files. MMLI identified Athelstan in its Rule 26 disclosures as an individual with knowledge relevant to this case and counsel for Weinberg took Athelstan's deposition on June 18, 2002. Weinberger claims that he is not required to pay Athelstan an expert fee for the deposition because Athelstan was employed by MMLI as an in-house consultant and his opinion was not sought in anticipation of litigation or for trial.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(4)(C) states that "[u]nless manifest injustice will result . . . the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery [concerning his expert testimony] . . . ." Under the heading "Disclosure of Expert Testimony," Rule 26 defines an expert as "any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A); *see also* Advisory Committee Notes to 1993 Amendment. MMLI argues that under the 1993 Amendment to Federal Rule of Civil Procedure 26, all individuals who may present evidence at trial under the Federal Rules of Evidence 702, 703, or 705 are defined as experts and are thus entitled to a reasonable fee for depositions. We note that there is no Seventh Circuit case on point and that there are conflicting rulings within this district relating to the issue before us. *See Hoover v. United States*, 2002 WL 1949734, *8 (N.D. Ill. 2002) (stating that a treating physician is an expert entitled to a fee);

*Demar v. United States*, 199 F.R.D. 617, 619-20 (N.D. Ill. 2001) (stating that a treating physician is not entitled to an expert fee).

Under Rule 26 "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial," Fed. R. Civ. P. 26(b)(4)(A), and the party seeking the deposition must pay "the expert a reasonable fee . . . ." Fed. R. Civ. P. 26(b)(4)(C). Athelstan's opinions may be used at trial. Therefore, if he may present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, then he is entitled to a reasonable expert fee for the deposition.

Weinberg argues that Athelstan cannot give testimony under Rule 702 because his testimony would be limited to Weinberg's condition in 1998 and thus his testimony would not assist the trier of fact. We are not willing to presume that Weinberg's expert testimony would have no material relevance in this case and therefore we will not summarily find him incapable of giving testimony under Rule 702. Also Weinberg asked Athelstan questions at his deposition regarding Athelstan's notes on the 1998 claim forms. If Weinberg knew Athelstan's role back in June and Weinberg thought that Athelstan could offer no valuable information, we question why Athelstan was deposed in the first place.

Weinberg also makes much of the fact that Athelstan did not prepare an expert report. However Rule 26 only requires a report from experts that are "retained or specially employed to provide expert testimony in the case or whose duties as an

employee of the party regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B); Advisory Committee Notes to 1993 Amendment. While Athelstan was employed by MMLI, he was employed as an expert consultant and not to give expert testimony.

Weinberg also argues that, since MMLI listed Athelstan in its amended Rule 26 disclosures under a heading entitled "Rule 26(a)(1)," he was not considered an expert by MMLI because under Rule 26 expert testimony disclosures are "in addition to the disclosures required by [26(a)(1)]." Fed. R. Civ. P. 26(a)(2)(A). However, there was no heading in the disclosure statement entitled "26(a)(2)(A)" for experts. Also we note that Dr. Ostrov, who Weinberg concedes is an expert entitled to an expert fee, is listed under the same "Rule 26(a)(1)" heading.

## CONCLUSION

Based on the foregoing analysis we find that, pursuant to Federal Rule of Civil Procedure 26(b)(4)(C), Dr. Gary Athelstan is entitled to a reasonable expert fee for the June 18, 2002 deposition.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: December 2, 2002